# *EXHIBIT A*

Filed: 4/6/2023 2:25 PM
Clerk
Floyd County, Indiana

IN THE CIRCUIT COURT FOR FLOYD COUNTY

STATE OF INDIANA

B&W PACKAGING MANUFACTURING, LLC, and
MATERIAL SOLUTIONS, LLC
     Plaintiffs,

v.                             Case No. 22C01-2304-PL-_____

COST SAVINGS SOLUTIONS CO.,
CUSTOM KRAFT PACK, LLC, ELITE
PACKAGING, LLC, ELITE LOGISTICS AND
PACKAGING LLC, DAVID L. BROWN,
JAMES KOLLER, STEPHEN BROWN,
KRISTA UHL, AND KRISTY MURPHY,
     Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Come now Plaintiff B&W Packaging Manufacturing, LLC ("B&W") and
Material Solutions, LLC ("Material Solutions" or Plaintiffs collectively referred to as
"B&W") and for their Complaint for Injunctive Relief and Damages against
Defendants states as follows:

### The Parties

1.     B&W is a limited liability company organized and registered under the
laws of the State of Indiana and is headquartered in New Albany, Indiana.

2.     B&W is in the business to produce custom manufactured packages that
are uniquely designed for each of its customers.

3.     Material Solutions is a limited liability company organized and
registered under the laws of the State of Indiana and is headquartered in New
Albany, Indiana.

1

4.     Defendant David L. Brown ("David") is a former employee of B&W who was a sales manager for B&W and whose job responsibilities included to work with customers and to quote product and work with vendors to design custom packaging.

5.     David had access to proprietary designs, pricing and processes.

6.     Defendant James Koller ("James") is a former employee of B&W who was a sales representative and whose job responsibilities included work with customers and to quote product and work with vendors to design custom packaging.

7.     Defendant Stephen Brown ("Stephen") is a former employee of B&W who was a floor employee, maintenance manager, and plant manager in Michigan.

8.     Steven's job responsibilities included to receive goods, ship goods, supervised all manufacturing of projects made at the B&W Michigan facility, including the design of custom products and the bidding process of products. Stephen had access to sensitive labor and pricing rates as well as custom processes and designs.

9.     Elite Packaging, LLC ("Elite Packaging") is a for profit Kentucky Limited Liability company organized in 2015.

10.    Elite Logistics and Packaging LLC ("Elite Logistics and Packaging"), is a for profit Kentucky Limited Liability Company organized in 2019.

11.    Custom Kraft Pack LLC is a Kentucky Limited Liability Company ("Custom Kraft Pack") organized in 2019.

12.    On or around May 27, 2021, Elite Logistics and Packaging LLC changed its name to Custom Kraft Pack, LLC.

2

13.     Elite Packaging LLC registered in Indiana as a Foreign Limited Liability Company in 2021.

14.     Custom Kraft Pack LLC registered in Indiana as a Foreign Limited Liability Company in 2021.

15.     Defendant Krista Uhl ("Krista") is one of the owners and members operating a custom packaging business under the names of Elite Packaging, LLC; Elite Logistics and Packaging LLC; and or Custom Kraft Pack, LLC.

16.     Defendant Kristy Murphy ("Kristy") is one of the owners and members operating a custom packaging business under the names of Elite Packaging, LLC; Elite Logistics and Packaging LLC; and/or Custom Kraft Pack, LLC.

17.     Kristy is the Manager of Custom Kraft Pack.

18.     David Brown is believed to be an owner/operator of Custom Kraft Pack.

19.     Custom Kraft Pack's current principal office address is 100 Technology Avenue, Jeffersonville, IN 47130 and the registered agent address is 606 Lake Forest Parkway, Louisville, Kentucky 40245.

20.     Custom Kraft Pack LLC's Indiana Foreign Limited Liability Company has a principal office address is 100 Technology Avenue, Jeffersonville, IN 47130 and the registered agent address of 9221 Crawfordsville Road, Indianapolis, IN 46234.

21.     Elite Packaging, LLC, a Kentucky Limited Liability Company, has its principal office located at 100 Technology Avenue, Jeffersonville, Indiana 47130 and the registered agent is located at 230 Chandamere Way, Nicholasville, Kentucky 40356.

22.     Elite Packaging, LLC, an Indiana foreign entity, identifies its principal office located at 100 Technology Avenue, Jeffersonville, Indiana 47130 and the registered agent is located at 3009 Plum Woods Ct. Sellersburg, IN 47172.

23.     Custom Kraft Pack's principal office address in Indiana is 100 Technology Way, Jeffersonville, IN, 47130.

24.     Defendant Cost Savings Solutions Co. ("CSS") is an unorganized entity that has been created by the other named defendants David Brown and others and has been acquired by Custom Kraft Pack LLC.

25.     James entered into a Non-Compete Agreement with B&W and Material Solutions on August 21, 2018, and was subject to such non-competition agreement at all relevant times.

26.     A true and accurate copy of such non-compete agreement is attached hereto as Exhibit A.

27.     James Koller further entered into a Non-Disclosure Agreement with B&W and Material Solutions on August 21, 2018.

28.     A true and accurate copy of such non-disclosure agreement is attached hereto as Exhibit B.

### The Facts and Scheme of Misappropriation

29.     David Brown and co-conspirators have entered into or are in the process of entering into the shared ownership of CSS, Custom Kraft Pack and/or Elite Packaging.

4

30.     The goal of the shared enterprise and conspiracy is, in part, the misappropriation of B&W trade secrets and company property to form a new packaging entity.

31.     David, James, and Stephen had complete access to B&W's customer list, vendor list, and pricing models during their term of employment.

32.     Throughout the course of 2019 to 2020, Defendants David, James and Stephen used company resources to plan a competing business, and as part of their scheme, stole and misappropriated certain trade secrets and confidential records of B&W.

33.     In December 2021, David, James, and Stephen abruptly abandoned their employment with B&W.

34.     Upon their departures, B&W conducted an examination of the office computers, email, and servers that had been used by David, James, and Stephen.

35.     Among other items, B&W discovered a fully formed business plan to create an entity as a direct competitor of B&W, offering the same services in the same industry along with other supporting documentation.

36.     The detailed business plan for the "custom packaging company" was drafted on or around May 2021 with B&W company property ("Business Plan") and while on B&W company time.

37.     The CSS business plan identifies Krista Uhl, Kristy Murphy, and David Brown as owners and operators of the new venture with James Koller and Stephen Brown are listed as additional employees.

38.     A subsequent "Amended and Restated Operating Agreement of Custom Kraft Pack LLC" ("Operating Agreement") identifies the specific ownership percentages of each co-conspirator.

39.     Defendants acknowledged that the custom packaging business was a "very niche' sector in the market with only few competitors in the Midwest" but they anticipated to generate revenues just under $900,000 in the first year alone, with revenues of $2,376,000 projected by year five.

40.     B&W discovered that the Defendants had incorporated much of B&W's proprietary information, including its customers into its business plan as potential customers of the newly formed entities.

41.     Many of the customers and information Defendants used were highly sensitive and proprietary trade secrets.  Some of the customers incorporated in their new plan were customers for which they had no reason to contact and had no responsibilities requiring interaction at all during their employment with B&W.

42.     The Defendants' "business plan" admits that James was a then current employee of B&W and that he acquired knowledge at B&W as an "active member in day-to-day operations, sales, quoting, invoicing, purchasing, samples and P&L."

43.     Defendants' "business plan" further admits the access to confidential and proprietary information David acquired and describes David as being "active in the day-to-day operations with scheduling, shipping, material management, invoicing, purchasing and running both companies' profitability statements on a month-to-month basis."

44.     The Defendants describe Stephen Brown's experience similarly as the "GM/Plant Manager of B&W Packaging in Kalamazoo, MI".

45.     The "business plan" is Defendants' description of what records they had access to, but they also accessed additional confidential records without authority.

46.     B&W has reason to believe that sensitive information, including, but not limited to, customer lists, vendor lists, pricing models, custom parts drawings, manuals, financials, and operational models, had been downloaded and saved on by Defendants.

47.     Defendants laid out a "comprehensive vendor list" by misappropriating records from B&W as well as customer analysis and direct competitors, B&W being the "Direct Competitor #1".

48.     While employed by B&W, and while subject to a non-compete and non-disclosure agreement, Defendants created a plan to "[l]ist current [B&W] business we can transition over along with dollar values associated with them."

49.     None of these former employees had any legitimate reason to download and save any of this information or to include it in a detailed "business plan."

50.     Proprietary information was removed from B&W for the sole purpose of using it at CSS, Elite Packaging, Elite Logistics and/or Custom Kraft Pack.

51.     These files represent highly valuable intellectual property, trade secrets, secret business practices, and research and development all owned solely by B&W.

52.     The confidential material was learned and built through more than 20 years of experience in this specific business.

53.     The files accessed by Defendants would be extremely useful to a competitor of B&W to develop its business, develop operations, project finances, contact and negotiate with suppliers, contact and negotiate with customers, and collude to undercut B&W.

54.     All Defendants are intending to steal from B&W by utilizing the access to B&W's inside, confidential business information, intellectual property, and trade secrets, which shall cause B&W significant damages.

55.     Further, David, James, and Stephen are partnered with Krista and Kristy who already owned a business in direct competition with B&W.

56.     These direct competitors possess the proprietary information, intellectual property, and trade secrets of B&W without permission or authorization of B&W.

57.     Based on information and belief, David Brown was selling for Custom Kraft Pack, LLC and/or Elite Packaging, LLC prior to leaving his position with B&W Material Solutions.

58.     Mr. Browns sales significantly declined during the period he was working for B&W as a result of his spending time secretly formulating a plan to compete with B&W.

59.     Defendants Brown's new business growth was also non-existent as a result of his scheme to defraud and misappropriate material from B&W.

## COUNT I: VIOLATION OF THE INDIANA UNIFORM TRADE SECRETS ACT

60.     B&W restates and realleges paragraphs one (1) through fifty-nine (59) as though the same were fully restated herein.

61.     B&W's confidential and proprietary information derives actual and potential independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who could obtain economic value from the information's disclosure or use.

62.     B&W has taken reasonable steps to protect the secrecy of its confidential and proprietary information, including, but not limited to, restricting internal access to such information to those employees who have been given a higher level of trust in exchange for performance of their duties, on a need-to-know basis and restricting access to B&W's computers and server.

63.     B&W's confidential and proprietary information constitutes trade secrets under the Indiana Uniform Trade Secrets Act, Ind. Code § 24-2-3 et seq.

64.     Defendants had a duty to maintain the secrecy of this confidential and proprietary information and breached that duty to maintain secrecy.

65.     Defendants David, James, and Stephen misappropriated the trade secrets of B&W by breaching their duties to maintain secrecy and by disclosing the trade secrets to Defendants Krista and Kristy for use at entities created by Defendants.

66.     Defendants knew or had reason to know that this information and documents were trade secrets.

9

67.    All Defendants are believed to still have possession of B&W's trade secrets.

68.    There is a continuing threat of misappropriation of B&W's trade secrets and unless injunctive relief is granted the continued disclosure and misappropriation of the trade secrets is inevitable and will cause damage to B&W.

69.    B&W is entitled to damages, including for unjust enrichment and exemplary damages, for Defendants' misappropriation and/or use of B&W's trade secrets, including any profits lost as a result of Defendants' actions as permitted by Ind. Code § 24-2-3-3 and 24-2-3-4.

70.    B&W is entitled to injunctive relief, as permitted by Ind. Code § 24-2-3-3 for as long as the trade secrets exist or, in the alternative, to a reasonable royalty for the time the use could have been prohibited.

71.    B&W is entitled to a court order compelling affirmative acts to protect its trade secrets throughout the proceedings and afterwards as permitted by Ind. Code § 24-2-3-3 and 24-2-3-6.

72.    B&W is entitled to attorneys' fees as permitted by Ind. Code § 24-2-3-5.

## COUNT II:  BREACH OF FIDUCIARY DUTY AND DUTY OF LOYALTY

73.    B&W restates and realleges paragraphs one (1) through seventy-two (72) as though the same were fully restated herein.

74.    Based upon their employment with B&W, David, James, and Stephen owed a fiduciary duty and duty of loyalty to B&W.

75.    More specifically, based upon their specific positions and roles with B&W, David, James, and Stephen owed a heightened fiduciary duty and duty of loyalty to B&W which was over and above that of an average employee.

76.    David, James, and Stephen were not authorized to transfer or download B&W's files, documents, information, or trade secrets onto personal, portable thumb drives (or any other device) nor even *view* these files for their own personal use, the personal use of others, or commercial use by anyone.

77.    David, James and Stephen all misappropriated trade secrets, confidential and proprietary information of B&W.

78.    In doing so, David, James, and Stephen each breached their fiduciary duties and duties of loyalty to B&W.

## COUNT III: COMPUTER TRESPASS

79.    B&W restates and realleges paragraphs one (1) through seventy-eight (78) as though the same were fully restated herein.

80.    David, James, and Stephen were not authorized to transfer or download B&W's files, documents, information, or trade secrets onto personal, portable thumb drives (or any other device) nor even *view* for their own personal use, the personal use of others, or commercial use by anyone.

81.    David, James, and Stephen knowingly and intentionally accessed the computer systems and network of B&W without B&W's consent for purposes not authorized by B&W.

82.    David, James, and Stephen committed computer trespass pursuant to Ind. Code § 35-43-2-3.

83.    B&W is entitled to treble damages and attorneys' fees as well as all other costs as permitted by Ind. Code § 34-24-3-1.

### COUNT IV:  OFFENSE AGAINST INTELLECTUAL PROPERTY

84.    B&W restates and realleges paragraphs one (1) through eighty-three (83) as though the same were fully restated herein.

85.    David, James, and Stephen were not authorized to transfer or download B&W's files, documents, information, or trade secrets onto personal, portable thumb drives (or any other device) nor for their own personal use, the personal use of others, or commercial use by anyone.

86.    David, James, and Stephen disclosed and took data from B&W that constitutes a trade secret and confidential that resides and exists internally on B&W's computers, computer systems, and computer network.

87.    David, James, and Stephen committed the offense against intellectual property pursuant to Ind. Code § 35-43-1-7.

88.    B&W is entitled to treble damages and attorneys' fees as well as all other costs as permitted by Ind. Code § 34-24-3-1.

## COUNT V: THEFT

89.    B&W restates and realleges paragraphs one (1) through eighty-eight (88) as though the same were fully restated herein.

90.    All Defendants have knowingly and intentionally exerted unauthorized control over the proprietary information, intellectual property, and trade secrets of B&W with the intent to deprive B&W of its value.

91.    B&W regularly profits more than fifty thousand and 00/100 ($50,000.00) per year from this proprietary information, intellectual property, and trade secrets.

92.    Defendants acknowledged that they anticipated to generate revenues just under Nine Hundred Thousand and 00/100 ($900,000.00) in the first year alone with most of that business stemming from B&W's current customers.

93.    Additionally, David, James, and Stephen committed theft of company time as they were developing their scheme and business plan at their place of employment and received payment for this time spent not performing job duties but instead directly harming B&W.

94.    All Defendants have committed theft pursuant to Ind. Code § 35-43-4-2.

95.    B&W is entitled to treble damages and attorneys' fees as well as all other costs as permitted by Ind. Code § 34-24-3-1.

## COUNT VI: CONVERSION

96.    B&W restates and realleges paragraphs one (1) through ninety-five (95) as though the same were fully restated herein.

97.     All Defendants have knowingly and intentionally exerted unauthorized control over the proprietary information, intellectual property, and trade secrets of B&W with the intent to deprive B&W of its value.

98.     All Defendants have committed conversion pursuant to Ind. Code § 35-43-4-3.

99.     B&W is entitled to treble damages and attorneys' fees as well as all other costs as permitted by Ind. Code § 34-24-3-1.

## COUNT VII: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

100.    B&W restates and realleges paragraphs one (1) through ninty-nine (99) as though the same were fully restated herein.

101.    All Defendants have intentionally and tortuously interfered with B&W's business relationships including those with customers, vendors, and employees.

102.    All Defendants were aware of the existence of these relationships.

103.    Defendants took or conspired with others to take and remove data from B&W's computers, computer systems, and computer networks as well as from their own personal knowledge of working for B&W.

104.    All Defendants have intentionally interfered with these relationships.

105.    There is no justification for the theft of this information for the sole purpose of interfering with B&W's business relationships.

106.    As a direct, proximate, foreseeable, and consequential result of Defendants' impermissible actions, B&W has suffered and will continue to suffer irreparable harm and is entitled to injunctive relief.

14

107.     B&W has suffered monetary damages, and will continue to suffer monetary damages, entitling it to an award of compensatory damage, punitive damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

## COUNT VIII: TORTIOUS INTERFERENCE
## WITH PROSPECTIVE ECONOMIC ADVANTAGE

108.     B&W restates and realleges paragraphs one (1) through one hundred seven (107) as though the same were fully restated herein.

109.     All Defendants have intentionally and tortuously interfered with B&W's prospective economic advantage.

110.     All Defendants were aware of B&W's unique practice and industry and B&W's place in that industry and the years of expertise that was required to achieve this.

111.     All Defendants exploited B&W's expertise and developments by intentionally and knowingly misappropriating B&W's proprietary information, intellectual property, and trade secrets for the purpose of harming B&W's economic advantages.

112.     B&W has suffered monetary damages, and will continue to suffer monetary damages, entitling it to an award of compensatory damage, punitive damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

## COUNT IX:  UNFAIR COMPETITION

113.    B&W restates and realleges paragraphs one (1) through one hundred thirteen (113) as though the same were fully restated herein.

114.    Defendants' conduct, including, but not limited to, their actual and continued threatened misappropriation and use of B&W's proprietary information, intellectual property, and trade secrets, constitutes unfair competition with B&W.

115.    Defendants' actions have caused actual damages to B&W for which each Defendant is liable to B&W.

116.    As a direct, proximate, foreseeable, and consequential result of Defendants' wrongful actions, B&W has suffered and will continue to suffer irreparable harm and is entitled to injunctive relief as well as monetary damages, entitling it to an award of compensatory damage, punitive damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

## COUNT X:  UNJUST ENRICHMENT

117.    B&W restates and realleges paragraphs one (1) through one-hundred seventeen (117) as though the same were fully restated herein.

118.    All Defendants have been conferred a measurable benefit under such circumstances that their retention of the benefit without payment would be significantly unjust.

119.    As a direct, proximate, foreseeable, and consequential result of Defendants' unjust enrichment, B&W has suffered and will continue to suffer irreparable harm and is entitled to injunctive relief as well as monetary damages,

entitling it to an award of compensatory damage, punitive damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

## COUNT XI: SLANDER PER SE/SLANDER PER QUOD

120.     B&W restates and realleges paragraphs one (1) through one hundred nineteen (119) as though the same were fully restated herein.

121.     In order to poach B&W's customers, the Defendants have used words tending to injury B&W's office, profession, trade, business, and calling.

122.     Due to Defendants' slanderous words, B&W is entitled to special damages.

## COUNT XII: CIVIL CONSPIRACY AND CONCERT OF ACTION

123.     B&W restates and realleges paragraphs one (1) through one hundred twenty-three (123) as though the same were fully restated herein.

124.     All Defendants conspired individually and collectively and in concert of action to accomplish unlawful purposes through unlawful means including, but not limited to, the acts, omissions, torts, and crimes described in this Complaint.

125.     All Defendants had a meeting of the minds on the object and/or course of action of the Defendants.

126.     At least one member of each conspiracy committed at least one unlawful, overt act to further the object or course of action.

127.     As a direct, proximate, foreseeable, and consequential result of Defendants' civil conspiracy, B&W has suffered and will continue to suffer irreparable harm and is entitled to injunctive relief and an award of compensatory

damage, punitive damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs pursuant to the Racketeer Influenced and Corrupt Organizations Act and Ind. Code § 35-45-6 et seq and treble damages and attorneys' fees as well as all other costs as permitted by Ind. Code § 34-24-3-1.

### COUNT XIII:  CRIMINAL COMPUTER FRAUD AND ABUSE

128.     B&W restates and realleges paragraphs one (1) through one hundred twenty-seven (127) as though the same were fully restated herein.

129.     Defendants David, James, and Stephen knowingly and intentionally obtained B&W's proprietary information, intellectual property, and trade secrets from B&W's computers, computer systems, and computer networks and downloaded the same.

130.     Defendants David, James, and Stephen lacked the authority to download the proprietary information, intellectual property, and trade secrets from B&W's computers, computer systems, and computer networks and exceeded the authority to access the same as they had no authority to misappropriate the same.

131.     These acts have caused and will cause damages in excess of Five Thousand and 00/100 ($5,000.00) Dollars to B&W.

132.     Defendants David, James, and Stephen have committed criminal computer fraud and abuse pursuant to 18 U.S.C. § 1030(g) and are entitled to economic damages.

## COUNT XIV:  BREACH OF NON-COMPETE CONTRACT
### (JAMES KOLLER)

133.     B&W restates and realleges paragraphs one (1) through one hundred thirty-two (132) as though the same were fully restated herein.

134.     As stated above, James Koller entered into a Non-Compete Agreement with B&W on or around August 21, 2018.  (See Exhibit A).

135.     James agreed to "during employment and for a period of 1 year after separation of employment for any reason" that he would "not directly or indirectly engage in any business that competes with B&W Packaging Manufacturing, LLC and Material Solutions LLC."

136.     James agreed not to engage in any competitor as an owner, business partner, agent or employee.

137.     James willfully and deliberately breached this provision of his non-compete provision.

138.     James agreed not to directly or indirectly solicit any business from B&W, and agreed not to attempt to sell, license or provide similar products or services to customers of B&W.

139.     James willfully and deliberately violated the non-solicitation provisions.

140.     James further agreed that he would "not at any time or in any manner, either directly or indirectly, use for [his personal benefit], or divulge, disclose or communicate in any manner any information that is proprietary to B&W Packaging Manufacturing LLC., and Material Solutions LLC."

141.     James willfully and deliberately violated the non-disclosure provisions.

142.    James agreed that his violation of the agreement would create irreparable harm and that B&W and Material Solutions LLC would be entitled to injunctive relief.

143.    B&W has a right to recover its reasonable costs and attorney fees in enforcing this Agreement.

## COUNT XIV:  BREACH OF NON-DISCLOSURE CONTRACT
### (JAMES KOLLER)

144.    B&W restates and realleges paragraphs one (1) through one hundred forty-four (144) as though the same were fully restated herein.

145.    As stated above, James Koller entered into a Non-Disclosure Agreement with B&W on or around August 21, 2018.  (See Exhibit B).

146.    James agreed to keep certain proprietary information he received in connection with his role at B&W.

147.    James agreed to hold such information in confidence indefinitely.

148.    James willfully and deliberately violated the non-disclosure provisions.

149.    James agreed that his violation of the agreement would create irreparable harm and that B&W would be entitled to injunctive relief.

150.    B&W has a right to recover its reasonable costs and attorney fees in enforcing this Agreement.

## COUNT XVI:  REQUEST FOR PRELIMINARY INJUNCTION
## AND PERMANENT INJUNCTION

151.     B&W restates and realleges paragraphs one (1) through one hundred fifty (150) as though the same were fully restated herein.

152.     B&W has suffered and will continue to suffer immediate and irreparable harm if Defendants are not preliminarily and permanently enjoined.

153.     Defendants will not suffer any cognizable legal harm if the injunction is granted as Defendants have no legal right to breach their legal, statutory, or fiduciary duties to B&W.

154.     Injunctive relief is appropriate and necessary to maintain the confidentiality and value of B&W's proprietary information, intellectual property, and trade secrets.

155.     Defendants' actual disclosure and threatened continuing disclosure and/or use of B&W's proprietary information, intellectual property, and trade secrets for their own purposes has caused and will cause irreparable harm to B&W.

156.     The public interest will not be harmed if the injunction is granted, but rather, it will be served by preventing Defendants from benefitting from their wrongful, harmful conduct.

WHEREFORE, Plaintiff B&W Packaging Manufacturing, LLC and Material Solutions, LLC respectfully requests judgment in its favor as follows:

(a)     Entry of a temporary restraining order, preliminary injunction, and permanent injunction enjoining any and all Defendants from directly or indirectly using, reviewing, reading, implementing, or doing anything else with B&W and

Material Solutions' proprietary information, intellectual property, or trade secrets, from organizing any business under any name in any jurisdiction related to the packaging industry, from conducting any business in the packaging industry, from communicating with any of B&W's current, former, or future employees, from communicating with any of B&W's current, former, or future customers, or from communicating with any of B&W's current, former, or future suppliers;

(b)     Entry of a temporary restraining order, preliminary injunction, and permanent injunction enjoining any and all of the Defendants from conspiring in any number to commit the acts prohibited herein;

(c)     Entry of a permanent injunction or order requiring Defendants to return all property, proprietary or confidential information, intellectual property, or trade secrets belonging to B&W and to deliver any and all devices (whether previously personal devices of Defendants or not) to B&W upon which any of this information was ever stored, downloaded, reviewed, or otherwise entered and to delete any and all email accounts (not just the emails) permanently through which any of this information was ever transmitted, and for independent verification of the same at Defendants' expense;

(d)     compensatory damage, punitive damages, treble damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs, and any other remedies provided for by law in the State of Indiana or the United States of America; and

(e)     All other relief just and proper in the premises.

22

*/s/ Justin E. Endres*
Justin E. Endres, #28205-22
YOUNG, LIND, ENDRES & KRAFT
126 W. Spring Street
New Albany, IN 47150
Ph: 812.945.2555
Fax: 812.948.6956

SERVED WITH SUMMONS

22C01-2304-PL-000477e Documents

**Floyd Circuit Court**

Filed: 4/6/2023 2:25 PM
Clerk
Floyd County, Indiana

### *NON – COMPETE AGREEMENT*

This Non – Compete Agreement (this "Agreement") is made effective as of
08/21/2018 _____, by and between B&W Packaging Manufacturing, LLC., and
Material Solutions LLC., of 4140 Capital Drive, New Albany, Indiana 47150, and
James Koller ___, of ___MOUNT WASHINGTON___ KY _____.

___James Koller_____ is employed by B&W Packaging Manufacturing, LLC., and
Material Solutions LLC., will agree not to compete with the Protected Party's
business or solicit the Protected Party's customers or employees.

1. **NON – COMPETE COVENANT.** During employment and for a period of 1
   year after the separation of employment for any reason, ___James Koller_____ will
   not directly or indirectly engage in any business that competes with B&W
   Packaging Manufacturing. LLC., and Material Solutions LLC...

   Directly or indirectly engaging in any competitive business includes, but is
   not limited to:
   (i) engaging in business as owner, partner, or agent. (ii) becoming an
   employee of any third party that is engaged in such business, (iii) becoming
   interested directly or indirectly in any such business, or (iv) soliciting any
   customer of B&W Packaging Manufacturing, LLC., and Material Solutions LLC.,
   for the benefit of a third party that is engaged in such business ___James Koller_____
   agrees that this non – compete agreement will not adversely affect
   ___James Koller__ livelihood.

2. **NON – SOLICITATION COVENANT.** For a period of 1 Year after the effective
   date of this Agreement, ___James Koller_____ will not directly or indirectly solicit
   business form, or attempt to sell, license or provide the same or similar
   products or services as are now provided to, any customer or client of B&W
   Packaging Manufacturing, LLC., and Material Solutions LLC., nor shall
   ___James Koller_____ use B&W Packaging Manufacturing, LLC., and Material
   Solutions LLC.'s existing client's demographic and confidential information to
   solicit and provide quotes and/or transfer business to any competing entity.
   Further, for a period of 1 Year after the effective date of this Agreement,
   ___James Koller____ will not directly or indirectly solicit, induce or attempt to
   induce any employment with B&W Packaging Manufacturing, LLC., and
   Material Solutions LLC...

3. **CONDITION FO EMPLOYMENT.** In consideration of the commitments and
   obligations made by ___James Koller_____ and B&W Packaging
   Manufacturing, LLC., and Material Solutions LLC., agree that the execution of
   this agreement is a condition of the employment of ___James Koller__ by B&W
   Packaging Manufacturing, LLC., and Material Solutions LLC...

4. **CONFIDENTIALITY.** ___James Koller_____ will not at any time or in any
   manner, either directly or indirectly, use for the personal benefit of

Jamie Koller - Employee Documents

_____James Koller_____, or divulge, disclose, or communicate in any manner any information that is proprietary to B&W Packaging Manufacturing, LLC., and Material Solutions LLC. The nature of the information and the manner of disclosure are such that a reasonable person would understand it and be confidential ____James Koller____ will protect such information and treat it as strictly confidential. The obligation of ___James Koller___ not to disclose confidential information shall continue for a period of 1 Year after the effective date of this Agreement. Within Fifteen days after receiving a written request, ___James Koller___ will return to B&W Packaging Manufacturing, LLC., and Material Solutions LLC., all records, notes, documentation and other items that were used, created or controlled by ___James Koller___.

5. **ENTIRE AGREEMENT.** This agreement contains the entire agreement of the parties regarding the subject matter of this Agreement, and there no other promises or conditions in any other agreement whether oral or written.

6. **SEVERABILITY.** The parties have attempted to limit the non – compete provision so that it applies only to the extent necessary to protect legitimate business and property interests. If any provision of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of the Agreement is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, the such provision shall be deemed to be written, construed, and enforced as so limited.

7. **INJUNCTION.** It is agreed that if ____James Koller____ violates the terms of this Agreement irreparable harm will occur, and money damages will be insufficient to compensate B&W Packaging Manufacturing, LLC., and Material Solutions LLC. Therefore, B&W Packaging Manufacturing, LLC., and Material Solutions LLC., will be entitled to seek injunctive relief (i.e., a court order that requires ___James Koller___ to comply with this Agreement) to enforce the terms of this Agreement. The prevailing party shall have the right to collect from the other party its reasonable costs and necessary disbursements and attorneys' fees incurred in enforcing this Agreement.

8. **APPLICALE LAW.** This agreement shall be governed by the laws of the State of Indiana.

9. **CONFLICT RESOLUTION.** In the event of a dispute between the parties, the parties herby also agree that the prevailing party shall be entitled to reasonable attorney fees and costs incurred as a result of the dispute.

10.    **SIGNATORIES.** This Agreement shall be signed by ___James Koller___ and by Mark Wasdovich, Owner, on behalf of B&W Packaging Manufacturing, LLC.,

Jamie Koller - Employee Documents

and Material Solutions LLC. This Agreement is effective as of the date first
above written.

**PROTECTED PARTY:**
B&W Packaging Manufacturing, LLC., and Material Solutions LLC.,

BY: _____

MARK WASDOVICH, OWNER

DATE:

8-21-2018

**NON - COMPETING PARTY:**

BY: _James Koller_____

_____

DATE: 08/21/2018
_____



NON - COMPETE AGREEMENT - BLANK.DOCX

Document ID: 43d12176-a564-11e8-a679-bc764e1008f6

**Requested:**
Aug 21, 2018, 9:00 AM MDT (Aug 21, 2018, 3:00 PM UTC)
Lisa Ellis (lme@materialsolutions.biz)
IP: 162.155.131.158

**Signed:**
Aug 21, 2018, 11:04 AM MDT (Aug 21, 2018, 5:04 PM UTC)
James Koller (james.koller@gmail.com)
IP: 162.155.131.158

**Exhibit A**

IN THE CIRCUIT COURT FOR FLOYD COUNTY
STATE OF INDIANA

B&W PACKAGING MANUFACTURING, LLC, and
MATERIAL SOLUTIONS, LLC
    Plaintiffs,

v.                                     Case No. 22C01-2304-PL-000477

COST SAVINGS SOLUTIONS CO.,
CUSTOM KRAFT PACK, LLC, ELITE
PACKAGING, LLC, ELITE LOGISTICS AND
PACKAGING LLC, DAVID L. BROWN,
JAMES KOLLER, STEPHEN BROWN,
KRISTA UHL, AND KRISTY MURPHY,
    Defendants.

## SUMMONS

The State of Indiana to Defendant:  **Elite Logistics & Packaging LLC**

Address:   **700 Locust Lane**
           **Louisville, KY 40217**

You have been sued by the person named "Plaintiff" in the Court stated above.
The nature of the proceedings against you is stated in the Complaint attached to this Summons.  It also states the demand which the Plaintiff has made against you.

You must answer the Complaint in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you received this Summons, (you have twenty (23) days to answer if this summon was received by certified mail), or judgment will be entered against you for what the Plaintiff has demanded.

If you deny the demand and/or have any claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

It is suggested that you consult with an attorney of your choice regarding this matter.

The following manner of service of Summons is hereby designated: Service by certified mail, return receipt requested.

DATED: _____4/12/2023_____    _____

                                                CLERK, Floyd County

IN THE CIRCUIT COURT FOR FLOYD COUNTY
STATE OF INDIANA

B&W PACKAGING MANUFACTURING, LLC, and
MATERIAL SOLUTIONS, LLC
        Plaintiffs,

v.                                          Case No. 22C01-2304-PL-000477

COST SAVINGS SOLUTIONS CO.,
CUSTOM KRAFT PACK, LLC, ELITE
PACKAGING, LLC, ELITE LOGISTICS AND
PACKAGING LLC, DAVID L. BROWN,
JAMES KOLLER, STEPHEN BROWN,
KRISTA UHL, AND KRISTY MURPHY,
        Defendants.

## **SUMMONS**

The State of Indiana to Defendant:  **Cost Savings Solutions Co**

Address:       **c/o David Brown**
               **606 Lake Forest Parkway**
               **Louisville, Kentucky 40245**

     You have been sued by the person named "Plaintiff" in the Court stated above.
     The nature of the proceedings against you is stated in the Complaint attached to this Summons.  It also states the demand which the Plaintiff has made against you.
     You must answer the Complaint in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you received this Summons, (you have twenty (23) days to answer if this summon was received by certified mail), or judgment will be entered against you for what the Plaintiff has demanded.
     If you deny the demand and/or have any claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.
     It is suggested that you consult with an attorney of your choice regarding this matter.

     The following manner of service of Summons is hereby designated: Service by certified mail, return receipt requested.

4/12/2023

DATED: _____          _____

                                              CLERK, Floyd County

IN THE CIRCUIT COURT FOR FLOYD COUNTY
STATE OF INDIANA

B&W PACKAGING MANUFACTURING, LLC, and
MATERIAL SOLUTIONS, LLC
     Plaintiffs,

v.                              Case No. 22C01-2304-PL-000477

COST SAVINGS SOLUTIONS CO.,
CUSTOM KRAFT PACK, LLC, ELITE
PACKAGING, LLC, ELITE LOGISTICS AND
PACKAGING LLC, DAVID L. BROWN,
JAMES KOLLER, STEPHEN BROWN,
KRISTA UHL, AND KRISTY MURPHY,
     Defendants.

## SUMMONS

The State of Indiana to Defendant:  **Custom Kraft Pack, LLC**

Address:      **c/o David Brown**
               **9221 Crawfordsville Road**
               **Indianapolis, Indiana 46234**

     You have been sued by the person named "Plaintiff" in the Court stated above.
     The nature of the proceedings against you is stated in the Complaint attached to this Summons.  It also states the demand which the Plaintiff has made against you.
     You must answer the Complaint in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you received this Summons, (you have twenty (23) days to answer if this summon was received by certified mail), or judgment will be entered against you for what the Plaintiff has demanded.
     If you deny the demand and/or have any claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.
     It is suggested that you consult with an attorney of your choice regarding this matter.

     The following manner of service of Summons is hereby designated: Service by certified mail, return receipt requested.
                         4/12/2023
DATED: _____     _____
                                             CLERK, Floyd County

Filed: 4/12/2023 2:44 PM
Clerk
Floyd County Circuit Court
Floyd County, Indiana

IN THE CIRCUIT COURT FOR FLOYD COUNTY
STATE OF INDIANA


B&W PACKAGING MANUFACTURING, LLC, and
MATERIAL SOLUTIONS, LLC
     Plaintiffs,

v.                              Case No. 22C01-2304-PL-000477

COST SAVINGS SOLUTIONS CO.,
CUSTOM KRAFT PACK, LLC, ELITE
PACKAGING, LLC, ELITE LOGISTICS AND
PACKAGING LLC, DAVID L. BROWN,
JAMES KOLLER, STEPHEN BROWN,
KRISTA UHL, AND KRISTY MURPHY,
     Defendants.

**<u>SUMMONS</u>**

The State of Indiana to Defendant:  **Elite Packaging, LLC**

Address:     **c/o Kristy Murphy**
                **3009 Plum Woods Court**
                **Sellersburg, IN 47172**

     You have been sued by the person named "Plaintiff" in the Court stated above.

     The nature of the proceedings against you is stated in the Complaint attached to this Summons.  It also states the demand which the Plaintiff has made against you.

     You must answer the Complaint in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you received this Summons, (you have twenty (23) days to answer if this summon was received by certified mail), or judgment will be entered against you for what the Plaintiff has demanded.

     If you deny the demand and/or have any claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

     It is suggested that you consult with an attorney of your choice regarding this matter.

     The following manner of service of Summons is hereby designated: service by certified mail, return receipt requested.

                4/12/2023

DATED: _____

                                    CLERK, Floyd County

IN THE CIRCUIT COURT FOR FLOYD COUNTY
STATE OF INDIANA

B&W PACKAGING MANUFACTURING, LLC, and
MATERIAL SOLUTIONS, LLC
     Plaintiffs,

v.                                  Case No. 22C01-2304-PL-000477

COST SAVINGS SOLUTIONS CO.,
CUSTOM KRAFT PACK, LLC, ELITE
PACKAGING, LLC, ELITE LOGISTICS AND
PACKAGING LLC, DAVID L. BROWN,
JAMES KOLLER, STEPHEN BROWN,
KRISTA UHL, AND KRISTY MURPHY,
     Defendants.

### SUMMONS

The State of Indiana to Defendant:  **David Brown**

Address:    **606 Lake Forest Parkway**
             **Louisville, Kentucky 40245**

     You have been sued by the person named "Plaintiff" in the Court stated above.
     The nature of the proceedings against you is stated in the Complaint attached to this Summons.  It also states the demand which the Plaintiff has made against you.
     You must answer the Complaint in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you received this Summons, (you have twenty (23) days to answer if this summon was received by certified mail), or judgment will be entered against you for what the Plaintiff has demanded.
     If you deny the demand and/or have any claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.
     It is suggested that you consult with an attorney of your choice regarding this matter.

     The following manner of service of Summons is hereby designated: Service by certified mail, return receipt requested.

DATED: _____4/12/2023_____

                                    CLERK, Floyd County

IN THE CIRCUIT COURT FOR FLOYD COUNTY
STATE OF INDIANA


B&W PACKAGING MANUFACTURING, LLC, and
MATERIAL SOLUTIONS, LLC
      Plaintiffs,

v.                          Case No. 22C01-2304-PL-000477

COST SAVINGS SOLUTIONS CO.,
CUSTOM KRAFT PACK, LLC, ELITE
PACKAGING, LLC, ELITE LOGISTICS AND
PACKAGING LLC, DAVID L. BROWN,
JAMES KOLLER, STEPHEN BROWN,
KRISTA UHL, AND KRISTY MURPHY,
      Defendants.

## SUMMONS

The State of Indiana to Defendant:  **Stephen Brown**

Address:    **126 Cardinal Lane**
              **Corydon, IN 47112**

      You have been sued by the person named "Plaintiff" in the Court stated above.
      The nature of the proceedings against you is stated in the Complaint attached to this Summons.  It also states the demand which the Plaintiff has made against you.
      You must answer the Complaint in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you received this Summons, (you have twenty (23) days to answer if this summon was received by certified mail), or judgment will be entered against you for what the Plaintiff has demanded.
      If you deny the demand and/or have any claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.
      It is suggested that you consult with an attorney of your choice regarding this matter.

      The following manner of service of Summons is hereby designated: Service by certified mail, return receipt requested.

4/12/2023

DATED: _____

                            CLERK, Floyd County

IN THE CIRCUIT COURT FOR FLOYD COUNTY
STATE OF INDIANA

B&W PACKAGING MANUFACTURING, LLC, and
MATERIAL SOLUTIONS, LLC
     Plaintiffs,

v.                                     Case No. 22C01-2304-PL-000477

COST SAVINGS SOLUTIONS CO.,
CUSTOM KRAFT PACK, LLC, ELITE
PACKAGING, LLC, ELITE LOGISTICS AND
PACKAGING LLC, DAVID L. BROWN,
JAMES KOLLER, STEPHEN BROWN,
KRISTA UHL, AND KRISTY MURPHY,
     Defendants.

## SUMMONS

The State of Indiana to Defendant:  **James Koller**

Address:    **177 Sweet Bay Magnolia Court
Mt. Washington, Kentucky 40047**

     You have been sued by the person named "Plaintiff" in the Court stated above.
     The nature of the proceedings against you is stated in the Complaint attached to this Summons.  It also states the demand which the Plaintiff has made against you.
     You must answer the Complaint in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you received this Summons, (you have twenty (23) days to answer if this summon was received by certified mail), or judgment will be entered against you for what the Plaintiff has demanded.
     If you deny the demand and/or have any claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.
     It is suggested that you consult with an attorney of your choice regarding this matter.

     The following manner of service of Summons is hereby designated: Service by certified mail, return receipt requested.

4/12/2023

DATED: _____     _____
                                             CLERK, Floyd County

IN THE CIRCUIT COURT FOR FLOYD COUNTY

STATE OF INDIANA

B&W PACKAGING MANUFACTURING, LLC, and
MATERIAL SOLUTIONS, LLC
     Plaintiffs,

v.                                Case No.    22C01-2304-PL-000477

COST SAVINGS SOLUTIONS CO.,
CUSTOM KRAFT PACK, LLC, ELITE
PACKAGING, LLC, ELITE LOGISTICS AND
PACKAGING LLC, DAVID L. BROWN,
JAMES KOLLER, STEPHEN BROWN,
KRISTA UHL, AND KRISTY MURPHY,
     Defendants.

## **SUMMONS**

The State of Indiana to Defendant:  **Krista Uhl**

Address:    **3009 Plum Woods Court**
             **Sellersburg, Indiana 47172**

     You have been sued by the person named "Plaintiff" in the Court stated above.
     The nature of the proceedings against you is stated in the Complaint attached to this Summons.  It also states the demand which the Plaintiff has made against you.
     You must answer the Complaint in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you received this Summons, (you have twenty (23) days to answer if this summon was received by certified mail), or judgment will be entered against you for what the Plaintiff has demanded.
     If you deny the demand and/or have any claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.
     It is suggested that you consult with an attorney of your choice regarding this matter.

     The following manner of service of Summons is hereby designated: Service by certified mail, return receipt requested.

4/12/2023

DATED: _____     _____
                                           CLERK, Floyd County

IN THE CIRCUIT COURT FOR FLOYD COUNTY
STATE OF INDIANA

B&W PACKAGING MANUFACTURING, LLC, and
MATERIAL SOLUTIONS, LLC
     Plaintiffs,

v.                          Case No. 22C01-2304-PL-000477

COST SAVINGS SOLUTIONS CO.,
CUSTOM KRAFT PACK, LLC, ELITE
PACKAGING, LLC, ELITE LOGISTICS AND
PACKAGING LLC, DAVID L. BROWN,
JAMES KOLLER, STEPHEN BROWN,
KRISTA UHL, AND KRISTY MURPHY,
     Defendants.

### SUMMONS

The State of Indiana to Defendant:  **Kristy Murphy**

Address:     **700 Locust Lane**
               **Louisville, KY 40217**

     You have been sued by the person named "Plaintiff" in the Court stated above.
     The nature of the proceedings against you is stated in the Complaint attached to this Summons.  It also states the demand which the Plaintiff has made against you.
     You must answer the Complaint in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you received this Summons, (you have twenty (23) days to answer if this summon was received by certified mail), or judgment will be entered against you for what the Plaintiff has demanded.
     If you deny the demand and/or have any claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.
     It is suggested that you consult with an attorney of your choice regarding this matter.

     The following manner of service of Summons is hereby designated: service by certified mail, return receipt requested.

DATED: _____    4/12/2023

                                     CLERK, Floyd County