UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| B&W PACKAGING MANUFACTURING, LLC, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 4:23-cv-00075-TWP-KMB<br>) |
| COST SAVINGS SOLUTIONS CO., et al., | )<br>) |
| Defendants. | ) |

**ORDER REGARDING DEFENDANTS' MOTION TO RECONSIDER**

On August 22, 2024, the Court issued an Order Denying Plaintiffs' Motions to Maintain Documents Under Seal. [Dkt. 83.] As the Court explained in its Order, Defendants Cost Savings Solution Co., Custom Kraft Pack, LLC, Elite Logistics & Packaging, LLC, David L. Brown, James Koller, and Stephen Brown (collectively "Custom Kraft")—the Parties who had designated the documents at issue as confidential—had a duty to either object or state support for maintaining the documents under seal in response to Plaintiffs' motion. [*Id.*] Custom Kraft failed to respond as required under Local Rule 5-11, despite the Court's generous prompting to do so. [*See* dkt. 75.] Instead, after Custom Kraft failed to respond and the Court denied the request to seal, Custom Kraft filed the pending Motion to Reconsider. [Dkt. 86.] Plaintiffs B&W Packaging Manufacturing, LLC, and Material Solutions, LLC (collectively "B&W"), timely filed a response opposing Custom Kraft's Motion to Reconsider. [Dkt. 87.] Custom Kraft filed a reply, [dkt. 88], and the Court now issues the following decision.

**I.     APPLICABLE LEGAL STANDARD**

Custom Kraft's motion is governed by Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case. *See* Fed. R. Civ. Pro. 54(b) (stating that "any order

1

or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Motions to reconsider "'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Eli Lilly & Co. v. Arch Ins. Co.*, 2024 WL 1285713, at *2-3 (S.D. Ind. Mar. 25, 2024) (quoting *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009)). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Eli Lilly*, 2024 WL 1285713, at *3 (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). That said, motion practice is not supposed to be an "exercise in trial and error" or a game of "maybe-maybe not" where a party can withhold arguments from the first motion and present them later if the motion fails. *Eli Lilly*, 2024 WL 1285713, at *3.

## II.  DISCUSSION

In its Motion to Reconsider, Custom Kraft completely ignores the legal standard that applies to motions to reconsider. [Dkt. 86 (citing no law).] Equally troubling, Custom Kraft's motion is devoid of any mention of Local Rule 5-11, which it has violated, devoid of any case law to support its position, and devoid of any substantive argument supporting the relief it requests. Instead, Custom Kraft's excuse is that it "mistakenly believed" that its lack of response was sufficient to convey its support for Plaintiffs' sealing request.[1] [Dkt. 86 at 2.]

---

[1] The Court disagrees with Custom Kraft's position that "the Court suggested Custom Kraft use [a Motion to Reconsider] if it objected to the unsealing of documents." [Dkt. 88 at 1 (emphasis removed).] When the Court directs the Clerk to unseal documents, it is customary to delay the actual unsealing in case a Party wants to alert the Court to an error of fact or law in that decision. *See* Local Rule 5-11(g) ("If the court denies the motion, the clerk will unseal the documents(s)

Custom Kraft now requests that the Court "reinstate the sealed status of documents as requested by Plaintiffs in their Motions to Maintain Documents under Seal." [Dkt. 86 at 4.] Implicit is this argument, and made is explicit in its reply, is Custom Kraft's argument that good cause allegedly exists in this case because Plaintiff B&W filed the underlying motion to seal in the first place. [Dkt. 88 at 2.] What Custom Kraft ignores, however, is that B&W only asked to seal the documents at issue because *Custom Kraft* designated the information as confidential and attorney's eyes only. Thus, B&W properly followed Local Rule 5-11 by filing the underlying motion to seal, which should have formally alerted Custom Kraft—the designating party—that it must file a brief showing good cause for maintaining the documents at issue under seal if warranted.

As B&W's response brief points out, Custom Kraft has failed to make any substantive argument stating that good cause for maintaining the documents at issue under seal actually exists. [Dkt. 87 at 6-7.] B&W also notes that Custom Kraft has not explained why these documents could not simply be redacted. [*Id.* at 7.] B&W's response emphasizes that a motion to reconsider a prior order is a "high bar." [Dkt. 87 at 3]; *see also Circle City Broad. I, LLC v. Dish Network, LLC*, 2021 WL 6297584, at *1 (S.D. Ind. Nov. 16, 2016) (explaining that "a party that neglects to file the requisite brief of support for maintaining documents under seal now has a steep hill to climb on what otherwise could have been a relatively painless hike.").

Unawareness of the Court's Local Rules is not an acceptable excuse for failing to follow them. Custom Kraft's position is further undercut by the Court's Order directing Custom Kraft to

---

after 21 days, absent Fed. R. Civ. P. 72(a) objection, motion to reconsider, appeal, or further court order."). Custom Kraft's motion is not actually alerting the Court to an error in fact or law that the Court made in its decision. Rather, it is alerting the Court that Custom Kraft now realizes it is not getting the result it wants, despite its failure to previously alert the Court of its position.

comply with Local Rule 5-11 within fourteen days. [Dkt. 75.] The Court's directive was extremely clear: "Failure to file anything by that deadline will result in the Court summarily denying [Plaintiffs'] motions and unsealing the documents at issue." [Dkt. 75 at 2.] Custom Kraft's motion fails to acknowledge that Order by the Court, and even more concerning, Custom Kraft's reply brief continues to ignore the Order even though B&W pointed it out in its response brief. [Dkt. 88.] If this failure was an oversight, greater care should be taken in the future. If this failure was a strategic decision, it was not a good one.

Custom Kraft's failure to abide by the applicable Local Rule and its questionable decision to completely ignore an Order of the Court is unfortunate and has caused additional work for all involved. The Court would be well within its discretion to deny Defendants' Motion to Reconsider on those bases alone. The Court will, however, give Custom Kraft one final chance to comply with Local Rule 5-11 because the Court recognizes the potentially sensitive nature of certain pricing information and industry client contacts at issue. That information remains under seal at this time since Custom Kraft has filed a Motion to Reconsider. But "[s]ecrecy in judicial proceedings is disfavored, as it makes it difficult for the public . . . to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper. The interest in allowing public access to the judicial record is thus a social interest . . . ." *GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014). It is the Court's job to protect this social interest by weighing the private parties' interests and the public's right to transparency. *Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013).

Custom Kraft has yet to file a compliant Local Rule 5-11 response justifying sealing the documents at issue. Such a statement must also explain "why less restrictive alternatives to sealing, such as reduction, will not afford adequate protection." Local Rule 5-11(e)(2)(A). For these

4

reasons, the Court orders Custom Kraft to file an appropriate brief in support of sealing that complies with Local Rule 5-11, as more fully set forth below.

### III.  CONCLUSION

For the reasons set forth herein, the Court **ORDERS** Custom Kraft to file an appropriate brief in support of sealing that complies with Local Rule 5-11 **no later than October 22, 2024**. The burden is also on Custom Kraft to file redacted public versions of all these documents that they seek to keep under seal.  The Court emphasizes that "[t]he category of sealable information is narrow, and redactions should be done on a **word-by-word basis** to ensure the minimum amount of redaction necessary to protect the specific words that are subject to being sealed." *CSX Transp., Inc. v. Zayo Group, LLC*, 1:21-cv-2859-JRS-MJD (S.D. Ind. Sept. 11, 2023), at dkt. 431 at 2 (emphasis added).  As such, the Court **ORDERS** Custom Kraft to file **word-by-word** redactions of the documents they request to be sealed **no later than October 22, 2024**.  The Court strongly recommends that Defendants closely review Local Rule 5-11 and the *CSX Transportation* case cited above.  In doing so, Custom Kraft should note the Court's warning that "[o]ver-redaction of documents sought to be maintained under seal may result in the denial of a motion to seal." *Id.* Custom Kraft's Motion to Reconsider, [dkt. 86], remains **UNDER ADVISEMENT**.

Date: 10/4/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email